IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:20-cv-00178-D

WILLIAM WEBER, 212 EAST OAK ST. LLC, ERAGON LLC, THE RED BARRON PROPERTIES, LLC, and THE REAL ESTATE INVESTMENT COMPANY, LLC,

Plaintiffs,

vs.

SPECIALIZED LOAN SERVICING, LLC,

Defendant.

**STIPULATED PROTECTIVE ORDER**

This matter comes before the Court upon Specialized Loan Servicing, LLC's ("SLS") motion and request for an entry this Protective Order, by and through their counsel, and with the consent of Plaintiffs.

For good cause shown in the foregoing motion, it is hereby **ORDERED** as follows:

1. That all documents or other information that Disclosing party produces or discloses to Receiving party through deposition or written discovery and in good faith specifically designated as "CONFIDENTIAL" shall be protected from disclosure as provided herein. Such Confidential Information is information that the Disclosing party reasonably believes contains any trade secret, competitive sensitive or proprietary information, confidential

information received from third parties, or other confidential commercial, financial, or personal information;

2. That any document to be designated as Confidential Information may be so designated by stamping the document with the legend "CONFIDENTIAL" clearly and conspicuously on the face of each document. Such designation shall be made by the Disclosing party at the time that copies of such documents are furnished to the Receiving party through discovery or otherwise disclosed;

3. That information disclosed at a deposition may be designated by the Disclosing party as Confidential Information by indicating on the record at the deposition that the testimony, or a specific portion of testimony, is so designated and subject to the terms of this Protective Order. In addition, the Disclosing party may designate the transcript, exhibits, and any videotape or portions therefore, as Confidential within thirty (30) days after receipt of the deposition transcript, or thirty (30) days after the Court has entered this Protective Order, whichever date is later. This designation shall be in writing and served upon Receiving parties' counsel and the court reporter. Any portions of a transcript, exhibit, or video designated as Confidential shall thereafter be treated in accordance with this Protective Order. As is reasonably practicable, the notification should set forth the specific pages of and/or the nature of the testimony in the deposition transcript that contains Confidential Information. All depositions of

witnesses shall be treated as Confidential Information in their entirety for a period of thirty (30) days after receipt of the transcript of the deposition. At the deposition of a third-party witness, a Party examining the witness may show documents designated as Confidential to such witness at their deposition; provided, however, that (i) the witness is notified of the existence of this Protective Order either verbally on the record or in writing in the form attached as Exhibit A, and (ii) the witness shall not retain any copies of the documents or of the deposition transcript so designated;

4. That all "CONFIDENTIAL" marked material shall be used by Parties solely for purposes of the prosecution or defense of these actions, shall not be used by the receiving Party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving Party to anyone other than those set forth in this Protective Order, unless and until the restrictions herein are removed either by written agreement of counsel for the Parties, or by order of the Court;

5. That documents marked "CONFIDENTIAL" shall not be disclosed without the consent of Disclosing party, except that such information may be disclosed to:

    a. The Receiving parties;
    b. Counsel of record for the Parties and the personnel (such as assistants and paralegals) who are employed or contracted by those firms and are assisting the attorneys working on this Litigation;
    c. Expert witnesses and consulting experts retained by the Parties in this Litigation;

d. The Court and its officers, including stenographic reporters engaged in such proceedings as are necessarily incidental to the preparation or trial of this lawsuit; and

   e. Any mediator selected with the consent of the Parties or by the Court; and

   f. Other persons by written agreement of the Parties.

Confidential Information shall not be disclosed to any of the persons referred to in subparagraph 7 (c) until such persons have been provided with a copy of this Protective Order and have agreed to be bound thereto by execution of a written statement to that effect (in the form attached hereto as Exhibit A). All such acknowledgments shall be retained by counsel for the Disclosing party and shall be subject to in camera review by the Court if good cause for review is demonstrated by any Party;

6. That prior to summary judgment and trial, the Court, in conjunction with counsel, shall establish procedures for the use of Confidential Information at the summary judgment hearing and trial. The Parties agree to follow the Federal Rules of Civil Procedure and this Court's local rules, including Local Rule 79.2, for sealing any documents containing designated information. The Parties further agree to comply with the provisions of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, Sections V.G. and V.I.4 which require that each time a party seeks to file under seal, the party must accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute, rule, standing order or court order

that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies:

    (i)    The exact document or item, or portions thereof, for which the filing under seal is requested;
    (ii)   How such request to seal overcomes the common law or the First Amendment presumption to access;
    (iii)  The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;
    (iv)  The reasons why alternatives to sealing are inadequate; and
    (v)   Whether there is consent to the motion.

7. That to the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential Information material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Disclosing party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing to the Receiving party's counsel to whom the material was disclosed that the material should have been designated Confidential Information within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential Information under this Protective Order;

8. That within sixty (60) days after the conclusion of this Litigation and all appeals, whether by settlement, dismissal or final judgment, Receiving

party's counsel, person, and entity who obtained Confidential Information, shall either (a) assemble and return to Disclosing party all materials that reveal or tend to reveal such designated information, or (b) destroy such documents and information and deliver an affidavit in substantially the same form as Exhibit B to Disclosing party's counsel. Furthermore, counsel may retain complete copies of all transcripts, pleadings, motions, submitted briefs, written discovery responses and similar documents including any exhibits attached thereto for archival purposes, subject to the provisions of this Protective Order;

9. That Confidential Information developed, revealed by, or included in any discovery proceedings, formal or informal, whether in the form of deposition transcripts, interrogatory answers, or document production, need not be filed except when required in connection with matters pending before this Court. If documents are designated as Confidential, they shall be filed under seal in the manner set forth in Paragraph No. 6 herein.

10. That this Protective Order shall continue to be binding after the conclusion of the Litigation, and this Court reserves jurisdiction over all persons to whom such information was disclosed for purposes of enforcing it;

11. That in the event that circumstances change, or the terms of designation and disclosure are not sufficient, either Party may seek an amendment to this Protective Order. The Parties shall attempt to resolve in good faith any proposed amendment to the Protective Order pertaining to the

treatment and/or the confidentiality of information, or its use, in an attempt to reach a compromise before seeking a formal resolution by the Court;

12. That the production of Confidential Information under the terms of this Protective Order shall not be construed to mean that the Disclosing Party has waived any objections to the relevancy or admissibility of said materials. Nothing contained herein shall preclude any Party from opposing any discovery on any basis. The fact that any material or record has been designated as Confidential pursuant to this Protective Order shall not itself be admissible into evidence, and the Court shall not consider the fact of such designation in determining the merits of this Litigation; and

13. That the intent of the Parties to assert and preserve all information that is deemed to be within the attorney-client privilege or entitled to work product protection. If any material as to which the Disclosing party's claims privilege is inadvertently produced during discovery, such inadvertent production shall not be a waiver of any claim of privilege by Disclosing party. Upon receiving written notice of the inadvertent production of a privileged document, Receiving party or Receiving party's counsel shall immediately delete or otherwise destroy electronic versions of the documents as to which a claim of privilege is asserted and return to Disclosing party all copies of the documents as to which a claim of privilege is asserted. All notes or other work product of Receiving party or Receiving party's counsel reflecting the contents of such materials shall be destroyed

and not used. This provision shall not be deemed a waiver of the right of any Party to challenge a claim of privilege.

Respectfully submitted,

By: __s/ Hannah D. Kays__
D. Martin Warf
N.C. State Bar No. 32982
Hannah D. Kays
N.C. State Bar No. 50622
Nelson Mullins Riley & Scarborough LLP
4140 Parklake Avenue, Suite 200
Raleigh, NC 27612
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
martin.warf@nelsonmullins.com
hannah.kays@nelsonmullins.com
*Counsel for Specialized Loan Servicing, LLC*

By: __s/ Paul W. West__
Diane R. Becker
N.C. State Bar No. 19820
Paul W. West
N.C. State Bar No. 55105
Becker Law Offices, PC
6030 Creedmoor Road, Suite 200
Raleigh, NC 27612
Telephone: (919) 788-9888
Facsimile: (919) 788-9887
diane@beckerlawpllc.com
paul@becklerlawpllc.com
*Counsel for Plaintiffs*

Dated: April 12 2021

_____
Robert B. Jones, Jr.
United States Magistrate Judge