UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CV-178-D

| | |
|---|---|
| WILLIAM WEBER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | O R D E R |
| v. ) | |
| ) | |
| SPECIALIZED LOAN SERVICING, LLC, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Defendant Specialized Loan Servicing, LLC's ("SLS") motion to exclude the expert report, opinion, and testimony of Plaintiffs' expert Danny Dukes. [DE-53]. Plaintiffs failed to respond to the motion, and the time to do so has expired. The motion is referred to the undersigned for disposition. [DE-98]. For the reasons that follow, the motion to exclude is allowed.

**I.     Background**

Plaintiffs brought this action against SLS, a loan servicer, alleging breach of contract and violations of state and federal debt collection laws. Specifically, Plaintiffs allege that SLS was the loan servicer for commercial loans on ten residential properties and that Plaintiff William Weber was the guarantor for each of the loans, Weber submitted a single check with a lump sum payment to SLS for the May 2019 payments on the ten individual loans, and SLS failed to credit the payments without proper notice in breach of its duties and damaged Weber's credit resulting in financial harm. [DE-1-1].

Plaintiffs designated Danny Fred Dukes as an expert and disclosed his April 15, 2021 expert report and curriculum vitae to Defendant pursuant to Fed. R. Civ. P. 26(a)(2). On December 27, 2021, Defendant filed the instant motion to exclude Dukes' expert report, opinion, and testimony as unreliable and irrelevant. Def.'s Mem. [DE-54] at 3–8. Plaintiffs did not respond to the motion.

## II. Discussion

Expert testimony is governed by Federal Rule of Evidence 702, which provides as follows:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702; *Moore v. Equitrans, L.P.*, 27 F.4th 211, 223 (4th Cir. 2022). Pursuant to the Supreme Court's holding in *Daubert v. Merrell Dow Pharm., Inc.*, when a challenge is mounted to an expert's qualifications, the trial judge's function is to ensure that any and all testimony or evidence admitted is not only relevant, but also reliable. 509 U.S. 579, 590–91 (1993).

According to the expert report, Dukes was retained by Plaintiffs' counsel "to review and analyze all transactions and compliance matters surrounding loan servicing of Plaintiffs' loans and the transfer of this loan servicing to Specialized Loan Servicing, LLC ("SLS")." [DE-53-1] at 3.[1] Dukes is the managing partner of an accounting firm specializing in forensic accounting, and he has more than thirty years of experience in the financial services industry. *Id.* He is a Certified Public Accountant and Certified Fraud Examiner, and he has served as an Internal Auditor, Controller, and Chief Financial and Operations Officer for a variety of financial institutions,

---

[1] The page numbers referenced correspond to the CM/ECF footer where they differ, as here, from the document's internal page number.

2

including serving as the Chief Financial Officer of Chattahoochee National Bank and the Chief Financial & Operations Officer at First Community Bank & Trust in the late 1990s and early 2000s, and providing mortgage banking consulting services to establish a mortgage banking branch in the mid-2000s. *Id.*; [DE-53-2] at 5–6.

Dukes opined in his expert report that SLS rejected Weber's May 2019 payment "for no good business reason" and that it was "not best practices and in fact is unsound to reject negotiable funds presented in good faith for payment," explaining that "[a] loan servicer's role is to process all payments timely and provide the investor/lender with an accurate accounting of loan balances, principal, interest and escrow." [DE-53-1] at 4. Dukes further opined as follows:

> The illogical refusal to process loan payments from a single negotiable, liquid check caused each loan to become 1 month past due in May. This status was never cured and in fact was reported to credit reporting agencies. SLS tainted Plaintiffs' credit history and refused to acknowledge their operating failure. SLS even attempted to foreclose on some of the property. Had the default condition not been caused by SLS, the attempts would have been appropriate. Yet the credit scare caused Plaintiffs significant operating discomfort, as they have been unable to obtain credit for almost 2 years. The $1.7 million project which Plaintiffs were unable to pursue caused them to forfeit approximately $190,000 of net cash flow annually for an estimated 20 years. Using a 10% discount rate to convert this in to present value loss amount it was determined the estimated loss was $1,617,517.

*Id.* at 4–5. In support of his opinions, Dukes cites "best practices, industry standards and reasonable servicing standards in facilitating the receipt and processing of loan payments for commercial transactions/loans" and states that "[u]nder the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., SLS was required to conduct a reasonable investigation before verifying to the credit bureaus reporting accuracy." *Id.* at 6.

SLS argues that Dukes' primary experience investigating financial fraud and conducting audits does not qualify him as an expert in mortgage lending and servicing, and he is not qualified to opine on any legal duties owed by SLS to Plaintiffs or how SLS breached the duty of care.

3

Def.'s Mem. [DE-54] at 3–8. Defendant also argues that Dukes' opinions are irrelevant because he has not reviewed the necessary laws, regulations, or documents foundational to any expert opinion in this case. *Id.*

The court agrees that Dukes lacks the requisite specialized experience in mortgage lending and servicing to opine on the issues in this case and, thus, his opinions are unreliable. Dukes' curriculum vitae demonstrates that he has significant experience generally in the financial service industry but only limited, remote experience specifically related to mortgage banking, [DE-53-2], and Plaintiffs, who have the burden of establishing the admissibility of their proposed expert's testimony, have offered no defense of Dukes' qualifications to act as an expert on the issues in this case. *See Ward v. Autozoners, LLC*, No. 7:15-CV-164-FL, 2018 WL 10322906, at *1 (E.D.N.C. Apr. 16, 2018) ("The proponent of expert testimony bears the burden of establishing its admissibility by a preponderance of proof.") (citing *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 199 (4th Cir. 2001)).

The court finds Dukes' general experience in financial services is an insufficient basis on which to provide an opinion on SLS's duties owed to Plaintiffs as a mortgage servicer and whether those duties were breached. *See Hetzel v. JPMorgan Chase Bank, N.A.*, No. 4:13-CV-236-BO, 2017 WL 603286, at *2 (E.D.N.C. Feb. 14, 2017) (finding plaintiff's proposed expert, who was an experienced securities investment broker "but has no discernible experience in consumer or residential mortgage lending and servicing" was not qualified to provide opinion testimony") (citing *Hardin v. Ski Venture, Inc.*, 50 F.3d 1291, 1296 (4th Cir. 1995) (experience in ski safety policies and testimony in other ski accident cases did not qualify expert to opine about snowmaking machine safety); *Thomas J. Kline, Inc. v. Lorillard, Inc.*, 878 F.2d 791, 799–800 (4th Cir. 1989) (expert with MBA and experience analyzing companies' business health not qualified to give

4

antitrust testimony where she had no specific education or experience in antitrust matters); *Estate of Richard Myers v. Walmart Stores, Inc.*, No. 5:09-CV-549-FL, 2011 WL 1366459, *3 (E.D.N.C. April 11, 2011) (architect with no specific experience in parking lot design not qualified to offer expert testimony on parking lot design)). In *Hetzel*, the court found that the proposed expert's experience in the general banking financial services industry did not qualify him to offer expert testimony on legal duties owed by a bank as a loan servicer or to explain how the bank breached a duty of care owed to the plaintiff. *Id.* The *Hetzel* court explained,

> Plaintiff asserts that the real issue in this case, and the issue upon which Mr. Kadala will testify, is a bank's obligation to correct mistakes it makes. Nonetheless, plaintiff still has not demonstrated Mr. Kadala's expertise in this subject, a subject which plaintiff has not defined with any particularity. Mr. Kadala's opinion is not based upon his presumed knowledge of a bank's obligation to correct its mistakes, nor any understanding and detailed experience in mortgage servicing and the mistakes that might occur in such an industry, but instead in his experience in banking financial services industry. For the reasons discussed above, this does not demonstrate that Mr. Kadala is qualified to speak to this issue, and plaintiff has not convinced the Court that Mr. Kadala's opinion is based in anything more than subjective belief or speculation.

*Id.* at 3. Likewise, here, Dukes' opinion that SLS's rejection of Weber's payment was "illogical" and "not best practices," and that it was not good customer service to reject certified funds appears based on his subjective belief and general experience in the financial service industry rather than detailed experience in mortgage servicing. *See* Dukes Depo. [DE-53-3] at 44–45. Plaintiffs have failed to demonstrate otherwise or to convince the court that Dukes is qualified to opine on the issues in this case. Accordingly, Defendant's motion to exclude the expert report, opinion, and testimony of Plaintiffs' expert Danny Dukes is allowed.

### III. Conclusion

For the reasons stated herein, Defendant's motion to exclude the expert report, opinion,

and testimony of Plaintiffs' expert Danny Dukes, [DE-53], is allowed.

SO ORDERED, this the 17th day of May, 2022.

_____
Robert B. Jones, Jr.
United States Magistrate Judge