IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CV-178-D

| | |
|---|---|
| WILLIAM WEBER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| SPECIALIZED LOAN SERVICING, LLC, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Defendant's motion to seal, [DE-58], and Plaintiffs' motion to seal, [DE-81], both of which seek to seal documents filed in support of the parties' respective motions for summary judgment. The motions are referred to the undersigned for disposition. [DE-98]. For following reasons, the motions to seal are allowed.

I. **Background**

Plaintiffs brought this action against Defendant, a loan servicer, alleging breach of contract and violations of state and federal debt collection laws. The parties entered into a stipulated protective order to govern the production of certain confidential information, including sensitive commercial or personal information. [DE-36]. The parties have moved for summary judgment, and seek to seal certain exhibits filed in support of the motions. The motions to seal were filed more than three months ago, and no objection has been filed.

II. **Discussion**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (internal footnote omitted). The Fourth Circuit has directed that before

sealing publicly-filed documents, the court must first determine if the source of the public's right to access the documents is derived from the common law or from the First Amendment. *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). "[T]he common law presumption in favor of access attaches to all 'judicial records and documents,' [while] the First Amendment guarantee of access has been extended only to particular judicial records and documents[,]" such as those filed in connection with a motion for summary judgment. *Id.* (quoting *Nixon*, 435 U.S. at 597 & citing *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *In re Washington Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986)). "[D]ocuments filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights." *In re Application of the U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)* ("*In re Application*"), 707 F.3d 283, 290 (4th Cir. 2013) (citations omitted); *see also United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("[T]he item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document.").

Here, Defendant moves to seal Exhibit 24 to its Appendix to Local Civil Rule 56.1 Statement of Material Facts, which contains Plaintiff Weber's tax returns that were produced pursuant to the protective order and were marked "Confidential." [DE-57]. Plaintiffs move to seal Exhibits 6, 7, and 32–36 to their Appendix to Local Civil Rule 56.1 Statement of Material Facts, which contain two audio files of phone calls in which Plaintiff Weber's full social security number is recited and documents Defendant produced pursuant to the protective order that contain Defendant's proprietary and confidential business information. [DE-74 through -80]. These documents are judicial records subject to the right to access because "summary judgment adjudicates substantive rights." *Rushford*, 846 F.2d at 252. Because the documents sought to be

2

Case 5:20-cv-00178-D   Document 102   Filed 05/17/22   Page 2 of 5

sealed are judicial records, there is at minimum a common law presumption to access. *In re Application*, 707 F.3d at 291.

Courts apply the "experience and logic" test to determine whether there is also a First Amendment right to access, which provides more substantive protection to the public's interest in access than does the common law. *Id.*; *Rushford*, 846 F.2d at 253. Under this test, the court considers "(1) 'whether the place and process have historically been open to the press and general public,' and (2) 'whether public access plays a significant positive role in the functioning of the particular process in question.'" *In re Application*, 707 F.3d at 291 (quoting *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 64 (4th Cir. 1989)). The Fourth Circuit has determined that the more rigorous First Amendment standard should apply to documents filed in connection with a summary judgment motion in a civil case "[b]ecause summary judgment adjudicates substantive rights and serves as a substitute for a trial," which is generally open to the public. *Rushford*, 846 F.2d at 252–53.

"The mere existence of a First Amendment right to access or a common law right of access to a particular kind of document does not entitle[] the press and the public to access in every case." *Id.* at 253 (citation omitted). Where only the common law right of access exists, the presumption to access can be rebutted "if countervailing interests heavily outweigh the public interests in access," and the court considers "the interests advanced by the parties in light of the public interests and the duty of the courts." *Id.* (quoting *Nixon*, 435 U.S. at 602). "To overcome the First Amendment standard, sealing must be 'essential' to preserve important, higher interests," *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Research Organisation*, No. 2:17-CV-503, 2019 WL 8108115, at *2 (E.D. Va. Aug. 15, 2019) (citation omitted), and "narrowly tailored to serve that interest," *Rushford*, 846 F.2d at 253. The party seeking to deny access bears the burden. *Id.*

To determine whether records should be sealed, the court must follow the procedure established in *In re Knight Publishing Company*. The court must first provide "public notice of the request to seal and allow the interested parties a reasonable opportunity to object." 743 F.2d at 235–36. Notice is sufficient where a motion is docketed reasonably in advance of its disposition. *Id.* at 235. Second, the court considers less drastic alternatives, such as redaction of any sensitive material. *Id.* at 235–36. Then, if the court determines that public access should be denied, the court must provide specific reasons and factual findings supporting the decision to seal. *Id.*

First, the motions to seal were docketed sufficiently in advance of the court's decision; thus, the public has been provided with notice and an opportunity to object to the motions, and no objection to sealing has been lodged.

Next, the court considers whether there are less drastic alternatives to sealing, such as redaction. The court reviewed each proposed sealed document and finds that each contains sensitive and confidential information for which redaction is not feasible.

Finally, the court finds that the parties have overcome the First Amendment right to access in the sealed material. All the proposed sealed documents contain sensitive personal or commercial information that is appropriately sealed. *See* Fed. R. Civ. P. 5.2(a), (d) (providing privacy protection for and authorizing the sealing of social security numbers); *Dynatemp Int'l, Inc. v. R421A, LLC*, No. 5:20-CV-142-FL, 2021 WL 3284799, at *13 (E.D.N.C. July 30, 2021) (finding parties' interest in protecting their sensitive commercial information overcame the First Amendment right to access); *Bon Vivant Catering, Inc. v. Duke Univ.*, No. 1:13-CV-728, 2016 WL 7638284, at *2 (M.D.N.C. June 14, 2016) (finding tax records filed in support of summary judgment motion were appropriately sealed). Accordingly, the motions to seal are allowed.

## III. Conclusion

For the foregoing reasons, Defendant's motion to seal, [DE-58], and Plaintiff's motion to seal, [DE-81], are allowed. The Clerk of Court is directed to permanently seal Docket Entries 57 and 74 through 80.

SO ORDERED, the 17 day of May, 2022.

Robert B. Jones, Jr.
United States Magistrate Judge