UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:20-CV-178-D

| | |
|---|---|
| WILLIAM WEBER, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>SPECIALIZED LOAN SERVICING, LLC, )<br>)<br>Defendant. ) | ORDER |

This matter is before the Court on Defendant Specialized Loan Servicing, LLC's ("SLS") motion to strike, pursuant to Fed. R. Civ. P. 12(f), the Affidavit of William Weber, [DE-85-1], filed as Exhibit 1 to the Appendix to Plaintiffs' Local Rule 56.1(a)(1) Statement of Material Facts. [DE-94]. Plaintiffs filed a response in opposition to the motion, [DE-99], and SLS filed a reply, [DE-100]. The motion is referred to the undersigned for disposition. [DE-98]. For the reasons that follow, the motion to strike is denied.

I.  **Background**

Plaintiffs brought this action against SLS, a loan servicer, alleging breach of contract and violations of state and federal debt collection laws. Specifically, Plaintiffs allege that SLS was the loan servicer for commercial loans on ten residential properties and that Plaintiff William Weber was the guarantor for each of the loans, Weber submitted a single check with a lump sum payment to SLS for the May 2019 payments on the ten individual loans, and SLS failed to credit the payments without proper notice in breach of its duties and damaged Weber's credit resulting in financial harm. [DE-1-1].

SLS moved for summary judgment, and Plaintiffs filed the Weber Affidavit in support of their opposition to SLS's motion. The affidavit is cited in Plaintiffs' response to Defendant's Local Rule 56.1(a)(1) Statement of Material Facts. [DE-83]. SLS filed the instant motion to strike the Weber affidavit because Plaintiffs did not serve the affidavit on SLS before it was filed, and the affidavit contains statements not previously made prior to the close of discovery that contradict Weber's prior sworn testimony and sworn statements. Def.'s Mem. [DE-95] at 2–6; Def.'s Reply [DE-100] at 1–6. Plaintiffs dispute that the Weber Affidavit contains new or contradictory information or that they had an obligation to submit the affidavit to SLS prior to the close of discovery. Pls.' Resp. [DE-99] at 2–6.

## II. Discussion

SLS moves the court to strike the Weber Affidavit pursuant to Fed. R. Civ. P. 12(f). However, that rule provides no basis for striking an affidavit filed in relation to a summary judgment motion. Under Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A "pleading" is a complaint, answer, or a reply to an answer. Fed. R. Civ. P. 7(a). The Weber Affidavit is not a pleading and may not be stricken pursuant to Fed. R. Civ. P. 12(f). *See Melvin v. Soc. Sec. Admin.*, 126 F. Supp. 3d 584, 596 (E.D.N.C. 2015) (denying motion to strike filings in support of or in opposition to motions because Fed. R. Civ. P. 12(f) "only allows a court to strike pleadings") (citing *Int'l Longshoremen's Assn. Steamship Clerks Local 1624, AFL–CIO v. Virginia Int'l Terminals, Inc.*, 904 F. Supp. 500, 504 (E.D.Va.1995) (concluding that summary judgment briefs and affidavits are not pleadings and therefore a Rule 12(f) motion could not be used to "strike" such documents)), *aff'd sub nom. Melvin v. Soc. Sec. Admin. of United States*, 686 F. App'x 230 (4th Cir. 2017). Furthermore, even if a Rule 12(f) motion were proper, the motion

2

would be untimely where the motion must be made "within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(2). Plaintiffs filed the Weber Affidavit on February 11, 2022, and SLS did not file its motion to strike until forty-five days later, on March 28, 2022. *See Adams v. S.C. Dep't of Corr.*, No. C/A 3:09-1557 DCN, 2009 WL 3737798, at *2 n.2 (D.S.C. Nov. 5, 2009) (affirming recommendation that motion to strike an affidavit filed outside the time set forth in Fed. R. Civ. P. 12(f) be denied as untimely).

The court has previously instructed that "[t]he proper way for a party to register its objection to an opposing party's motions, memoranda, or affidavits is through the briefs or memoranda the party submits to the court." *King v. N.C. Dep't of Pub. Safety*, No. 5:12-CV-152-F, 2014 WL 69601, at *2 (E.D.N.C. Jan. 8, 2014) (quoting *Muir v. Applied Integrated Techs., Inc.*, Civil Action No. DKC 13–0808, 2013 WL 6200178, at *4 (D. Md. Nov. 26, 2013)). "In other words, in a response or a reply brief, a party may argue that certain affidavits or other evidence should not be considered by the court." *Id.* SLS has, in fact, asserted the arguments it makes in the motion to strike in its reply statement of material facts in support of its summary judgment motion. *See* Def.'s Local R. 56.1(a)(3) Reply Statement of Mat. Facts [DE-91] at 2–8. The court is well positioned to address the issue on consideration of the summary judgment motion pursuant to the procedures regarding affidavits and the failure to properly support or address a fact set forth in Fed. R. Civ. P. 56(c)(4) and (e).

Finally, SLS seeks its attorney's fees in prosecuting the motion under Fed. R. Civ. P. 56(h), which provides as follows:

> If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court — after notice and a reasonable time to respond — may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

3

Aside from referencing the rule that allows the court to award attorney's fees against a party submitting an affidavit in bad faith, Def.'s Mem. [DE-95] at 3, SLS fails to make any specific argument that the affidavit was submitted in bad faith or solely for delay.

Accordingly, the motion to strike the Weber Affidavit and for attorney's fees is denied.

### III. Conclusion

For the reasons stated herein, Defendant's motion to strike is denied.

SO ORDERED, this the 18th day of May, 2022.

Robert B. Jones, Jr.
United States Magistrate Judge